UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TURY DOMINGUEZ,<br><br>        Petitioner,<br><br>    v.<br><br>DARREL G. ADAMS,<br><br>        Respondent. | 1:09-CV-02047 GSA HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORMS FOR FILING A CIVIL RIGHTS ACTION |

On November 23, 2009, Petitioner filed a petition for writ of habeas corpus in this Court, and the matter was assigned to the undersigned. Petitioner filed a consent/decline form indicating consent to Magistrate Judge jurisdiction on December 7, 2009.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574

(9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner claims prison staff have violated his due process rights by failing to process his appeal. He further claims prison officials have wrongfully placed him in single-cell status based on his alleged gang activities. Finally, he asserts prison officials are discriminating against him by placing him in a single occupancy cell rather than a double occupancy cell in violation of his equal protection rights. Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The Petition for Writ of Habeas Corpus is DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment in this matter; and

3) The Clerk of Court is DIRECTED to send Petitioner blank forms for filing a civil rights action pursuant to 42 U.S.C. § 1983.


IT IS SO ORDERED.

Dated:   **December 16, 2009**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE